Stanley MARKS, Appellant,

v.

The BOARD OF COMMISSIONERS FOR the
CITY OF NEWPORT et al., Appellees.

Court of Appeals of Kentucky.

Jan. 11, 1974.

Andrew B. Dennison, Cincinnati, Ohio, Richard Slukich, Covington, for appellant.

Lawrence Riedinger, Jr., William J. Wise, Newport, for appellees.

CATINNA, Commissioner.

This is an appeal from an order of the Campbell Circuit Court dismissing the complaint of Stanley Marks wherein he sought to have an order entered by the City of Newport declared void and to enjoin its enforcement.

Marks is the owner and operator of a business in Newport known as Monmouth Novelty and Book Store. His main stock consists of adult books and pictures which have been variously termed to be obscene and pornographic. The city had issued Marks a license to operate the book store.

The city ordinance in question is not a part of this record. After a revocation of Marks' license to operate the book store, the police arrested a number of Marks' employees on the charge of operating a business without a license.

Marks filed in the Campbell Circuit Court an action styled "Complaint on Appeal" wherein he detailed in twelve numbered paragraphs of approximately six pages a proceeding held by the city commissioners that resulted in the revocation of his license. The city proceeded against Marks under a clause of this ordinance which authorized a cancellation of the license upon specified grounds. The ordinance required that the license holder be notified of the charges against him and that a hearing be conducted before such license was finally revoked. Marks filed in the record as an exhibit a memorandum notice from the city manager to the city clerk detailing the alleged misconduct engaged in by Marks in violation of the ordi-

nance. He filed a notice from the city commissioners to the effect that he had violated certain provisions of the city ordinance and that as a result of such misconduct a hearing would be held before the Board of Commissioners of the City of Newport for the purpose of examining the charges and taking proper action. Finally, Marks filed an instrument entitled "Findings of Fact, Conclusions of Law and Order." This document outlined in full the charges preferred against Marks, the findings of fact based upon the evidence heard, the conclusions of law, and, finally, an order revoking the license previously issued. Subsequent to the revocation of the license, the city police arrested employees of Marks for operating a business without the required license.

Marks' complaint recites in great detail the events leading up to the revocation of his license and the subsequent action of the police.

Marks' counsel says in his brief: "The complaint seeks equitable relief by restraint against the enforcement of an unconstitutional order based on unconstitutional acts arising from an unconstitutional ordinance."

■ The key to this entire proceeding is, of course, the constitutionality of the ordinance under which Marks was disciplined. The complaint did not plead the ordinance of which Marks complains nor was the ordinance filed as an exhibit with the complaint. The exhibits filed clearly indicate that Marks was afforded due process in the hearing before the city commissioners in that he received notice and a reasonable opportunity to be heard. In fact, Marks was represented by counsel during the entire proceeding before the Board of Commissioners. Counsel had opportunity to cross-examine all witnesses who testified and also to introduce evidence on behalf of Marks. In view of the type proceeding Marks describes in his complaint and as shown by the exhibits, the question of the unconstitutionality of

the order must be resolved in behalf of the city and, of course, the actions of the police in enforcing the law after Marks' license had been revoked could not have constituted an unconstitutional act on the part of the law enforcement agency. Marks had been afforded due process at each step of the proceedings.

■ This leaves us only with the question of the unconstitutionality of the ordinance, and in view of the fact that Marks neither pleaded the ordinance nor filed it as an exhibit, this court is unable to hold the ordinance to be unconstitutional.

The City of Newport is classified as a second-class city. KRS 81.010. CR 9.04 provides that in pleading an official document or official act, it is sufficient to aver that the document was issued or the act done in compliance with the law. However, Clay, in his comments on this particular section of the rules, said:

"It is not necessary to plead the statutes of Kentucky since KRS 422.010 provides that courts shall take judicial notice thereof. City ordinances should be pleaded, except those of cities of the first class. Courts are required to take judicial notice of the latter by KRS 83.-080(2)." Clay, Vol. 6, p. 168.

In view of the fact that Newport is a second-class city and the court is not permitted to take judicial notice of its ordinance, it was incumbent upon Marks to plead or prove the ordinance in full.

In City of Owensboro v. McFall, 152 Ky. 628, 153 S.W. 969 (1913), this court said:

"This was a prosecution instituted in the police court of the city of Owensboro against appellee, wherein he was charged with the violation of an ordinance of that city. He was fined $25 in the police court, but upon appeal to the circuit court of Daviess county that court found him not guilty, as we assume from the motion and grounds for a

new trial, upon the ground that the ordinance of the city in question was invalid and unenforceable.

"But the ordinance in question was not offered in evidence in the circuit court, so far as is disclosed by the bill of exceptions, and is not copied into the transcript as it appears in this court; and, as this court is not authorized, under the provisions of the charter for cities of the third class, to which the city of Owensboro belongs, to take judicial notice of their ordinances or contents, we have nothing before us to determine."

We have an analogous situation here, as this court does not have before it the ordinance of which Marks complains. Consequently, we have nothing before us upon which to base a determination.

The judgment is affirmed.

All concur.